# United States District Court
# Central District of California

**UNITED STATES OF AMERICA vs.**          **Docket No.**  SACR 12-00141-AG

**Defendant**  Ali Mustafa Khatib            **Social Security No.**  1   3   1   3

akas:  None                                  (Last 4 digits)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

|  | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | JUN | 24 | 2019 |

**COUNSEL**  Diane Bass (Rtd)
(Name of Counsel)

**PLEA**  [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**  There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
Bank Fraud in violation of 18 U.S.C. § 1344 as charged in the Single-Count Information.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of **27 MONTHS**:

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

It is ordered that the defendant shall pay restitution in the total amount of $10,042,638.00 pursuant to 18 U.S.C. § 3663A.

The amount of restitution ordered shall be paid as set forth on the list attached to this judgment. See "Exhibit A." If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage is specified in this judgment.

Under Guideline § 5E1.2(a), all fines are waived as the Court finds that the defendant is unable to pay and is not likely to become able to pay a fine in addition to restitution.

The defendant shall comply with General Order No. 18-10.

Under the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Ali Mustafa Khatib, is hereby committed on the Single-Count Information to the custody of the Bureau of Prisons for a term of **27 MONTHS.**

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and General Order No. 18-10;

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision;

4. As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required;

5. During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

6. The defendant shall cooperate in the collection of a DNA sample from the defendant;

7. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation; and

8. The defendant shall not own, operate, or be employed in any business involving real estate or mortgage loans or in any way related to the submission of mortgage or other loan applications without the express written approval of the Probation Officer prior to engaging in such business or employment. Further, the defendant shall provide the Probation Officer with access to any and all business records, client lists, and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer.

9. Payments toward restitution shall be at a rate of 10% per month of the defendant's gross monthly income or $200, whichever is greater. Defendant shall be held jointly and severally liable with co-defendants in Criminal Case No. SACR 13-00001-AG for the amount of restitution ordered in this judgment.

//

//

//

//

| USA vs. Ali Mustafa Khatib | Docket No.: SACR 12-00141-AG |
|---|---|

The Court authorizes the Probation & Pretrial Services Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons at or before 12 noon, **on September 27, 2019.** In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the United States Court House, 411 West Fourth Street, Santa Ana, California 92701.

The Court strongly recommends that the defendant be housed in a Southern California facility to facilitate visitation with family, friends, and loved ones.

The Court recommends that the Bureau of Prisons allow the defendant to participate in the *Residential Drug Abuse Program* (*RDAP*) to assist in treating his drug addiction.

Bond is exonerated upon surrender.

The Court advised the defendant of his right to appeal.

//

//

//

//

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| June 24, 2019 | U. S. District Judge Andrew J. Guilford |
|---|---|
| Date | |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| June 24, 2019 | By | M. Kunig |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. As directed by the probation officer, the defendant must notify specific persons and organizations of specific risks posed by the defendant to those persons and organizations and must permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications;
15. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

[X] The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
    Non-federal victims (individual and corporate),
    Providers of compensation to non-federal victims,
    The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant must maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds must be deposited into this account, which must be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, must be disclosed to the Probation Officer upon request.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| USA vs. Ali Mustafa Khatib | Docket No.: SACR 12-00141-AG |
|---|---|

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____ By _____
Date                          Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____ By _____
Filed Date                    Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
Defendant                                Date

_____                   _____
U. S. Probation Officer/Designated Witness   Date

# EXHIBIT A

**Schedule A**
**Loss Calculation By Victim (UPDATED AS OF 5-14-2018)**
**United States of America v. Aref Abaji 8:13-CR-001-AG-1**
**United States of America v. Maher Obagi 8:13-CR-001-AG-2**
**United States of America v. Ali Khatib 8:12-CR-141-AG**

| # | Address | Unit # | Approx. Settlement Date | Buyer / Borrower | Lender | Loan # | Victim Institution | Loss Amount | Page in Support Documents Package | Line Item on Trial Exhibit 1 | Line Item on Trial Exhibit 15 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 4982 Town Terrace N., Kissimmee, FL | | 1/2/2008 | M.Q. | Indymac Bank/Onewest | xxxxx6829 / xxxxxx6537 | Fannie Mae | $173,141 | 257 | 5 | N/A |
| 2 | 4984 Town Terrace N., Kissimmee, FL | | 4/28/2008 | N.A. | Wachovia Mortgage | xxxxxxxx6482 / xxxxxx8558 | Fannie Mae | $173,125 | 052 | 10 | N/A |
| 3 | 7280/7380 Westpointe Blvd, Orlando, FL | 823 | 7/11/2008 | N.A. | GMAC dba Ditech | xxxxxxxx4801 / xxxxxx7674 | Fannie Mae | $181,497 | 057/058/257 | 16 | N/A |
| 4 | 7380/7300 Westpointe Blvd, Orlando, FL | 726 | 7/22/2008 | E.H. | GMAC dba Ditech | xxxxxxx8227 / xxxxxx8850 | Fannie Mae | $190,413 | 057/058/257 | 17 | N/A |
| 5 | 5855 N Kolb Rd., Tucson, AZ | 13210 | 4/28/2009 | W.A. | HSBC Mortgage | xxx0203 / xxxxxx0687 | Fannie Mae | $71,094 | 052 | 88 | 67 |
| | | | | | | | Subtotal Amount | $789,270 | | | |

**Schedule A**
**Loss Calculation By Victim (UPDATED AS OF 5-14-2018)**
**United States of America v. Aref Abaji 8:13-CR-001-AG-1**
**United States of America v. Maher Obagi 8:13-CR-001-AG-2**
**United States of America v. Ali Khatib 8:12-CR-141-AG**

| # | Address | Unit # | Approx. Settlement Date | Buyer / Borrower | Lender | Loan # | Victim Institution | Loss Amount | Page in Support Documents Package | Line Item on Trial Exhibit 1 | Line Item on Trial Exhibit 15 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | 1026 | 11/5/2008 | I.O. | Countrywide | xxxxx6882 | Bank of America NA | $106,007 | 025 | 65 | 47 |
| 7 | 3830 E Lakewood PKWY, Phoenix, AZ 85048 | 3156 | 12/26/2008 | M.A. | Bank of America | xxxxx9430 | Bank of America NA | $142,162 | 025 | 81 | 61 |
| 8 | 5855 N Kolb Rd., Tucson, AZ | 10101 | 7/21/2009 | M.H. | Bank of America | xxxxx1816 | Bank of America NA | $58,318 | 025 | 102 | 81 |
| 9 | 8434 Walerga Rd Antelope, CA | 138 | 10/31/2008 | N.K. | Bank of America | xxxxx7460 / xxxxxx5524 | Bank of America NA | $103,796 | 025 | 33 | 15 |
| 10 | 3830 E Lakewood PKWY, Phoenix, AZ 85048 | 3164 | 1/13/2009 | M.A. | Bank of America | xxxxx4463 / xxxxxx1344 | Bank of America NA | $140,160 | 025 | 84 | 64 |
| 11 | 8434 Walerga Rd Antelope, CA | 337 | 1/23/2009 | A.K. | Bank of America | xxxxx9844 / xxxxxx7743 | Bank of America NA | $128,188 | 025 | 43 | 25 |
| 12 | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | 1040 | 4/22/2009 | J.S. | Bank of America | xxxxx1168 / xxxxxx1627 | Bank of America NA | $135,506 | 026 | 77 | 57 |
| 13 | 8434 Walerga Rd Antelope, CA | 832 | 5/5/2009 | G.A. | Bank of America | xxxxx3377 / xxxxxx3139 | Bank of America NA | $117,345 | 025 | 60 | 42 |
| 14 | 8434 Walerga Rd Antelope, CA | 133 | 5/13/2009 | S.F. | Bank of America | xxxxx8236 | Bank of America NA | $104,331 | 025 | 61 | 43 |
| 15 | 5855 N Kolb Rd., Tucson, AZ | 13104 | 6/11/2009 | R.E. | Bank of America | xxxxx4929 / xxxxxx0598 | Bank of America NA | $67,021 | 025 | 93 | 72 |
| 16 | 5855 N Kolb Rd., Tucson, AZ | 5104W | 6/12/2009 | W.E. | Bank of America | xxxxx3202 | Bank of America NA | $78,338 | 025 | 94 | 73 |
| 17 | 5855 N Kolb Rd., Tucson, AZ | 1101 | 6/25/2009 | M.E. | Bank of America | xxxxx6351 / xxxxxx2589 | Bank of America NA | $67,803 | 026 | 97 | 76 |
| 18 | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | 1116 | 7/16/2009 | J.S. | Bank of America | xxxxx4078 / xxxxxx7362 | Bank of America NA | $163,495 | 026 | 76 | 56 |
| 19 | 5855 N Kolb Rd., Tucson, AZ | 3103 | 7/20/2009 | M.H. | Bank of America | xxxxx5033 / xxxxxx8809 | Bank of America NA | $58,859 | 025 | 101 | 80 |
| 20 | 5855 N Kolb Rd., Tucson, AZ | 9210 | 7/27/2009 | A.E. | Bank of America | xxxxx4158 / xxxxxx1238 | Bank of America NA | $68,832 | 025 | 103 | 82 |
| 21 | 5855 N Kolb Rd., Tucson, AZ | 6106 | 8/4/2009 | R.E. | Bank of America | xxxxx8042 | Bank of America NA | $71,836 | 026 | 108 | N/A |
| 22 | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | 1016 | 11/7/2008 | N.A. | Countrywide | xxxxx5134 | Bank of America NA | $121,504 | 025 | 66 | 48 |
| 23 | 5855 N Kolb Rd., Tucson, AZ | 6105 | 5/22/2009 | M.C. | Bank of America | xxxxx7171 / xxxxxx4755 | Bank of America NA | $69,631 | 025 | 91 | 70 |
| 24 | 5855 N Kolb Rd., Tucson, AZ | 6104 | 6/15/2009 | W.E. | Bank of America | xxxxx6737 / xxxxxx5637 | Bank of America NA | $83,902 | 025 | 95 | 74 |
| 25 | 5855 N Kolb Rd., Tucson, AZ | 10102 | 7/7/2009 | F.M. | Bank of America | xxxxx6045 | Bank of America NA | $67,026 | 025 | 98 | 77 |
| 26 | 5855 N Kolb Rd., Tucson, AZ | 1105 | 7/27/2009 | H.K. | Bank of America | xxxxx4272 / xxxxxx6600 | Bank of America NA | $66,466 | 025 | 104 | 83 |
|  |  |  |  |  |  |  | **Subtotal Amount** | **$2,020,526** |  |  |  |

**Schedule A**
**Loss Calculation By Victim (UPDATED AS OF 5-14-2018)**
**United States of America v. Aref Abaji 8:13-CR-001-AG-1**
**United States of America v. Maher Obagi 8:13-CR-001-AG-2**
**United States of America v. Ali Khatib 8:12-CR-141-AG**

| # | Address | Unit # | Approx. Settlement Date | Buyer / Borrower | Lender | Loan # | Victim Institution | Loss Amount | Page in Support Documents Package | Line Item on Trial Exhibit 1 | Line Item on Trial Exhibit 15 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 27 | 4994 Town Terrace N., Kissimmee, FL | | 12/28/2007 | M.Q. | Sterns Lending Inc | xxxx8404 / xxxxxx5655 | CitiMortgage Inc | $229,376 | 126 | 1 | N/A |
| 28 | 4986 Town Terrace N., Kissimmee, FL | | 1/2/2008 | M.Q. | CitiMortgage | xxxxxxxx5059 | CitiMortgage Inc | $164,602 | 123 | 2 | N/A |
| 29 | 4987 Town Terrace S., Kissimmee, FL | | 1/10/2008 | D.H. | CitiMortgage | xxxxxx3551 | CitiMortgage Inc | $26,460 | 123 | 3 | N/A |
| 30 | 7360 Westpointe Blvd, Orlando, FL | 133 | 7/30/2008 | R.H. | CitiMortgage | xxxxxx6377 | CitiMortgage Inc | $222,267 | 123 | 18 | 1 |
| 31 | 7280 Westpointe Blvd, Orlando, FL | 814 | 8/18/2008 | N.A. | Citi Mortgage | xxxxxx3663 | CitiMortgage Inc | $234,034 | 123 | 20 | 3 |
| 32 | 7270 Westpointe Blvd, Orlando, FL | 927 | 8/26/2008 | S.K. | Citimortgage | xxxxxx2041 | CitiMortgage Inc | $220,397 | 124 | 21 | 4 |
| 33 | 8434 Walerga Rd Antelope, CA | 128 | 9/12/2008 | M.A. | Greenlight Financial | xxxxx1454 / xxxxxx6316 | CitiMortgage Inc | $103,129 | 222 | 31 | 13 |
| 34 | 7300 Westpointe Blvd, Orlando, FL | 723 | 9/30/2008 | P.P. | Citimortgage | xxxxxx2312 | CitiMortgage Inc | $181,548 | 124 | 24 | N/A |
| | | | | | | | Subtotal Amount | $1,381,813 | | | |
| 35 | 7280 Westpointe Blvd, Orlando, FL | 827 | 6/27/2008 | N.A. | Washington Mutual | xxxxxx4665 / xxxxx4751 | Freddie Mac | $195,756 | 226 | 14 | N/A |
| 36 | 7300 Westpointe Blvd, Orlando, FL | 736 | 7/2/2008 | E.K. | Washington Mutual | xxxxxx2278 / xxxxx6237 | Freddie Mac | $178,081 | 229 | 15 | N/A |
| 37 | 16013 S Desert Foothills PKWY, Phoenix, AZ | 1115 | 11/3/2008 | N.A. | Wells Fargo Bank | xxxxxxxx7806 / xxxxx3749 | Freddie Mac | $130,015 | 232 | 64 | 46 |
| 38 | 5855 N Kolb Rd., Tucson, AZ | 8212 | 8/13/2009 | Y.L. | Bank of America | xxxxx9824 / xxxxx3144 / xxxxx8251 | Freddie Mac | $44,455 | 235 | 109 | 87 |
| | | | | | | | Subtotal Amount | $548,307 | | | |
| 39 | 7310 Westpointe Blvd, Orlando, FL | 611 | 8/8/2008 | S.K. | GMAC dba Ditech | xxxxxxxx9297 | Ditech/GMAC | $236,188 | 028 | 19 | 2 |
| 40 | 8434 Walerga Rd Antelope, CA | 932 | 8/13/2008 | M.A. | GMAC dba Ditech | xxxxxxxx2901 | Ditech/GMAC | $106,083 | 028 | 25 | 7 |
| 41 | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | 1100 | 12/23/2008 | J.H. | GMAC dba Ditech | xxxxxxxxx4182 | Ditech/GMAC | $127,911 | 028 | 73 | 53 |
| | | | | | | | Subtotal Amount | $470,182 | | | |

# Schedule A
## Loss Calculation By Victim (UPDATED AS OF 5-14-2018)
## United States of America v. Aref Abaji 8:13-CR-001-AG-1
## United States of America v. Maher Obagi 8:13-CR-001-AG-2
## United States of America v. Ali Khatib 8:12-CR-141-AG

| # | Address | Unit # | Approx. Settlement Date | Buyer / Borrower | Lender | Loan # | Victim Institution | Loss Amount | Page in Support Documents Package | Line Item on Trial Exhibit 1 | Line Item on Trial Exhibit 15 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 42 | 7200 Westpointe Blvd, Orlando, FL | 1524 | 9/4/2008 | S.A. | Fifth Third Mortgage | xxxxx6191 / xxxxxx1977 | Fifth Third Mortgage | $211,666 | 190 | 22 | 5 |
| | | | | | | | Subtotal Amount | $211,666 | | | |
| | | | | | | | | | | | |
| 43 | 8434 Walerga Rd Antelope, CA | 124 | 9/3/2008 | N.K. | HSBC Mortgage | xxx6169 / xxxxx1699 | HSBC Bank USA NA | $118,675 | 006 | 28 | 10 |
| 44 | 8434 Walerga Rd Antelope, CA | 332 | 12/15/2008 | E.H. | HSBC Mortgage | xxx5464 | HSBC Bank USA NA | $99,358 | 006 | 34 | 16 |
| 45 | 8434 Walerga Rd Antelope, CA | 1223 | 3/17/2009 | B.K. | HSBC Mortgage | xxx3981 / xxxxxx6278 | HSBC Bank USA NA | $60,836 | 006 | 53 | 35 |
| 46 | 5855 N Kolb Rd., Tucson, AZ | 1102 | 4/29/2009 | M.C. | HSBC Mortgage | xxx9474 | HSBC Bank USA NA | $63,829 | 006 | 89 | 68 |
| 47 | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | 1133 | 1/23/2009 | J.H. | HSBC Mortgage | xxx4842 | HSBC Bank USA NA | $167,730 | 006 | 74 | 54 |
| 48 | 8434 Walerga Rd Antelope, CA | 831 | 1/30/2009 | A.A. | HSBC Mortgage | xxx0415 | HSBC Bank USA NA | $126,614 | 006 | 38 | 20 |
| 49 | 8434 Walerga Rd Antelope, CA | 134 | 3/6/2009 | D.H. | HSBC Mortgage | xxx1292 / xxxxx2920 | HSBC Bank USA NA | $145,121 | 006 | 51 | 33 |
| 50 | 8434 Walerga Rd Antelope, CA | 833 | 3/23/2009 | G.A. | HSBC Mortgage | xxx6068 | HSBC Bank USA NA | $118,508 | 006 | 49 | 31 |
| 51 | 8434 Walerga Rd Antelope, CA | 126 | 4/22/2009 | F.K. | HSBC Mortgage | xxx5590 | HSBC Bank USA NA | $132,967 | 006 | 58 | 40 |
| 52 | 5855 N Kolb Rd., Tucson, AZ | 4104 | 7/9/2009 | A.W. | HSBC Mortgage | xxx3303 | HSBC Bank USA NA | $60,396 | 006 | 99 | 78 |
| 53 | 5855 N Kolb Rd., Tucson, AZ | 7103 | 8/3/2009 | M.E. | HSBC Mortgage | xxx4801 | HSBC Bank USA NA | $63,493 | 006 | 100 | 79 |
| 54 | 5855 N Kolb Rd., Tucson, AZ | 10104 | 8/6/2009 | R.E. | HSBC Mortgage | xxx4035 | HSBC Bank USA NA | $86,946 | 006 | 106 | 85 |
| | | | | | | | Subtotal Amount | $1,244,473 | | | |
| | | | | | | | | | | | |
| 55 | 8434 Walerga Rd Antelope, CA | 314 | 2/10/2009 | A.K. | JPMorgan Chase | xxxxxx7736 | JPMorgan Chase Bank NA | $185,442 | 112 | 45 | 27 |
| 56 | 8434 Walerga Rd Antelope, CA | 213 | 12/28/2008 | E.H. | JPMorgan Chase | xxxxxx1239 | JPMorgan Chase Bank NA | $118,772 | 119 | 40 | 22 |
| 57 | 8434 Walerga Rd Antelope, CA | 823 | 4/9/2009 | S.F. | JPMorgan Chase | xxxxxx9017 | JPMorgan Chase Bank NA | $98,014 | 117 | 57 | 39 |
| | | | | | | | Subtotal Amount | $402,228 | | | |

# Schedule A
## Loss Calculation By Victim (UPDATED AS OF 5-14-2018)
## United States of America v. Aref Abaji 8:13-CR-001-AG-1
## United States of America v. Maher Obagi 8:13-CR-001-AG-2
## United States of America v. Ali Khatib 8:12-CR-141-AG

| # | Address | Unit # | Approx. Settlement Date | Buyer / Borrower | Lender | Loan # | Victim Institution | Loss Amount | Page in Support Documents Package | Line Item on Trial Exhibit 1 | Line Item on Trial Exhibit 15 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 58 | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | 2029 | 5/21/2009 | J.S. | Shelter Mortgage | xxxx3346 / xxxxxx1038 | Guaranty Bank | $151,508 | 085 | 79 | 59 |
| 59 | 3830 E Lakewood PKWY, Phoenix, AZ 85048 | 1150 | 6/10/2009 | A.A. | Shelter Mortgage | xxxx6612 | Guaranty Bank | $119,458 | 079 | 87 | N/A |
| | | | | | | | Subtotal Amount | $270,966 | | | |
| | | | | | | | | | | | |
| 60 | 4996 Town Terrace N., Kissimmee, FL | | 4/28/2008 | E.K. | Wachovia Mortgage | xxxxxxxxx2202 | Wells Fargo Bank NA | $237,603 | 010 | 8 | N/A |
| 61 | 4983 Town Terrace S., Kissimmee, FL | | 4/28/2008 | S.M. | Wachovia Mortgage | xxxxxxxxx6852 | Wells Fargo Bank NA | $179,778 | 014 | 9 | N/A |
| 62 | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | 1014 | 11/26/2008 | I.O. | Wachovia Mortgage | xxxxxxxxx5129 | Wells Fargo Bank NA | $174,572 | 010 | 70 | 50 |
| 63 | 8434 Walerga Rd Antelope, CA | 1231 | 12/23/2008 | E.H. | Wachovia Mortgage | xxxxxx9566 | Wells Fargo Bank NA | $118,954 | 010 | 36 | 18 |
| 64 | 8434 Walerga Rd Antelope, CA | 921 | 8/29/2008 | N.K. | Wells Fargo Bank | xxxxxx3475 | Wells Fargo Bank NA | $139,819 | 010 | 27 | 9 |
| 65 | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | 1021 | 11/20/2008 | H.I. | Wells Fargo Bank | xxxxxxxxx0561 | Wells Fargo Bank NA | $161,549 | 010 | 78 | 58 |
| 66 | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | 1045 | 11/21/2008 | R.M. | Wells Fargo Bank | xxxxxxxxx6255 | Wells Fargo Bank NA | $148,678 | 010 | 68 | 49 |
| 67 | 3830 E Lakewood PKWY, Phoenix, AZ 85048 | 1114 | 1/7/2009 | M.A. | Wells Fargo Bank | xxxxxxxxx5884 | Wells Fargo Bank NA | $135,686 | 010 | 83 | 63 |
| 68 | 3830 E Lakewood PKWY, Phoenix, AZ 85048 | 1145 | 2/25/2009 | N.B. | Wells Fargo Bank | xxxxxxxxx7455 | Wells Fargo Bank NA | $139,575 | 010 | 86 | 66 |
| 69 | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | 1009 | 3/12/2009 | J.S. | Wells Fargo Bank | xxxxxxxxx0204 | Wells Fargo Bank NA | $171,580 | 010 | 75 | 55 |
| 70 | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | 1117 | 6/27/2009 | H.K. | Wells Fargo Bank | xxxxxxxxx7095 | Wells Fargo Bank NA | $147,530 | 010 | 80 | 60 |
| 71 | 8434 Walerga Rd Antelope, CA | 238 | 9/9/2008 | N.K. | Wells Fargo Bank | xxxxxx8897 | Wells Fargo Bank NA | $98,324 | 015 | 30 | 12 |
| 72 | 16013 S Desert Foothills PKWY, Phoenix AZ 85048 | 2116 | 11/21/2008 | W.H. | Wells Fargo Bank | xxxxxxxxx6528 | Wells Fargo Bank NA | $128,582 | 013 | 67 | N/A |
| 73 | 8434 Walerga Rd Antelope, CA | 1121 | 1/16/2009 | A.K. | Wells Fargo Bank | xxxxxxxxx3829 | Wells Fargo Bank NA | $95,334 | 016 | 46 | 28 |
| | | | | | | | Subtotal Amount | $2,077,564 | | | |

Schedule A
Loss Calculation By Victim (UPDATED AS OF 5-14-2018)
United States of America v. Aref Abaji 8:13-CR-001-AG-1
United States of America v. Maher Obagi 8:13-CR-001-AG-2
United States of America v. Ali Khatib 8:12-CR-141-AG

| # | Address | Unit # | Approx. Settlement Date | Buyer / Borrower | Lender | Loan # | Victim Institution | Loss Amount | Page in Support Documents Package | Line Item on Trial Exhibit 1 | Line Item on Trial Exhibit 15 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 74 | 7220 Westpointe Blvd, Orlando, FL | 1431 | 6/12/2008 | R.H. | First Choice Lending | xxxxxxx6556 / xxxxxx4305 | Mortgage America Inc | $222,235 | 131 | 12 | N/A |
| 75 | 7280 Westpointe Blvd, Orlando, FL | 821 | 6/17/2008 | E.K. | MortgageAmerica Inc | xxxxxxx6693 / xxxxxx4306 | Mortgage America Inc | $216,488 | 131 | 13 | N/A |
| | | | | | | | Subtotal Amount | $438,723 | | | |
| | | | | | | | | | | | |
| 76 | 2549 Old Kent Circle, Kissimmee, FL | | 5/15/2008 | S.M. | Wells Fargo Bank | xxxxxx1911 | Liberty Savings Bank | $186,920 | 152 | 11 | N/A |
| | | | | | | | Subtotal Amount | $186,920 | | | |
| | | | | | Fannie Mae | | | $789,270 | | | |
| | | | | | Bank of America NA | | | $2,020,526 | | | |
| | | | | | CitiMortgage Inc | | | $1,381,813 | | | |
| | | | | | Freddie Mac | | | $548,307 | | | |
| | | | | | Ditech/GMAC | | | $470,182 | | | |
| | | | | | Fifth Third Mortgage | | | $211,666 | | | |
| | | | | | HSBC Bank USA NA | | | $1,244,473 | | | |
| | | | | | JPMorgan Chase Bank NA | | | $402,228 | | | |
| | | | | | Guaranty Bank | | | $270,966 | | | |
| | | | | | Wells Fargo Bank NA | | | $2,077,564 | | | |
| | | | | | Mortgage America Inc | | | $438,723 | | | |
| | | | | | Liberty Savings Bank | | | $186,920 | | | |
| | | | | | **Total Victim Loss** | | | **$10,042,638** | | | |

.